IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DANNY T. LAWVER,** | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 8:07CV100 |
| | ) | |
| v. | ) | |
| | ) | |
| **DEPARTMENT OF CORRECTIONS,** | ) | ORDER on INITIAL REVIEW |
| **and STATE OF NEBRASKA,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court for initial review of the complaint filed by the plaintiff, Danny T. Lawver, a prisoner in the custody of the State of Nebraska who is proceeding pro se and in forma pauperis ("IFP"). The plaintiff asserts that the Department of Corrections is withholding from plaintiff certain incentives and privileges because he is not in compliance with Department approved programming. The plaintiff further asserts that this is in violation of his rights as the programming is not available to him at his current Institution.

### Presumption of Official Capacity

The complaint does not state whether the correction facility employees named in the complaint are sued in their individual capacity, official capacity, or both. In those circumstances, official capacity, **only**, will be presumed. See generally *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously say so in the pleadings).

### Meaning of "Official Capacity"

A suit against a public employee in his or her official capacity is actually a suit against the public employer. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Therefore, a claim against a corrections officer, in his or her official capacity, is in reality a claim against the entity that employs the officer. *See also Eagle v. Morgan*, 88 F.3d 620, 629 n. 5 (8th Cir. 1996) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." (*quoting Kentucky v. Graham*, 473 U.S. at 165)). Therefore, the defendants' governmental employer, the State of Nebraska, is presently the only defendant in this case.

If suit against the defendants, in their official capacity *only*, is not the plaintiff's intent, he may file a supplement to his complaint within 30 days of the date of this Order, specifying that the defendants are sued in their individual capacity or in both their individual

and official capacities. If the plaintiff does amend his complaint to sue the defendants in their individual capacity or in both capacities, the plaintiff must request additional summons forms and Form 285s. That is because government employees are served in different locations in their individual and official capacities.

## PLRA

The Prison Litigation Reform Act ("PLRA") requires the court to screen civil rights complaints brought by prisoners, establishes criteria governing dismissal of prisoner complaints, and restricts remedies and procedures in prisoner litigation. 42 U.S.C. § 1997e(a) of the PLRA requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff, and the plaintiff did not use the available grievance procedures, including an appeal or Step Two grievance, before filing this lawsuit, the plaintiff's claims may be subject to dismissal without prejudice.

The PLRA also limits the recovery of damages for emotional distress. See 42 U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

Having reviewed the complaint, I find that this case need not be dismissed on initial review. Therefore, as initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process on the defendant, as set forth below. Because the plaintiff is proceeding IFP, the U.S. Marshal will serve the defendants, after the plaintiff completes the appropriate forms.

IT IS THEREFORE ORDERED:

1. To obtain service of process on the defendants, the plaintiff must complete and return forms which the Clerk of Court will provide. The Clerk of Court shall send a copy of this Order together with ONE summons form and ONE Form 285 to the plaintiff, for service on the defendants in their official capacity (meaning for service of process on Lancaster County, Nebraska).

2. The plaintiff shall, as soon as possible, send the completed summons and 285 forms back to the Clerk of Court. In the absence of those forms, service of process cannot occur.

3. Upon receipt of the completed summons and 285 forms, the Clerk will sign the summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal

for service of process. A plaintiff proceeding IFP does not have to copy the complaint; the court will do so on the plaintiff's behalf. The Marshal shall serve the summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

      4.      Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order the plaintiff is informed for the first time of these requirements, the plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process. Failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.

      5.      If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

      6.      After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies on other parties by first class mail.

      7      The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendant(s) or to the attorney of any represented defendant. To send communications to the court without serving a copy on the other parties to the case violates the rules of court.

      8.      The defendants, in their official capacity (State of Nebraska), shall have twenty (20) days after receipt of the summons to answer or otherwise respond to the complaint.

      10.      The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

      11.      The plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

      DATED this day 1st of May, 2007.

      BY THE COURT:

      s/ Warren K. Urbom
      Senior United States District Judge