IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DANNY T. LAWVER, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV100 |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | MEMORANDUM AND ORDER |
| and STATE OF NEBRASKA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter if before the court on the plaintiff's Motion for Additional Summonses (Filing No. 10), and Motion to Appoint Counsel (Filing No. 11).

**Motion for Additional Summonses**

In his motion, the plaintiff asks the Clerk of Court to forward him additional summonses and forms 285 to serve on Ryan Mahr and Director Robert Houston. As the court noted on Initial Review, the complaint does not state whether the correction facility employees named in the complaint are sued in their individual capacity, official capacity, or both. In those circumstances, official capacity, **only**, will be presumed. *See generally Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously say so in the pleadings). A suit against a public employee in his or her official capacity only is actually a suit against the public employer. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Therefore, a claim against a corrections facility employee, in his or her official capacity, is in reality a claim against the entity that employs the officer. *See also Eagle v. Morgan*, 88 F.3d 620, 629 n. 5 (8th Cir. 1996) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." (*quoting Kentucky v. Graham*, 473 U.S. at 165)). Therefore, the defendants' governmental employer, the State of Nebraska, is presently the only defendant in this case.

From the plaintiff's request, however, it appears that suit against the individual defendants in their official capacity only was not his intent. Therefore, as plaintiff was instructed on initial review, he may file a supplement to his complaint within **30 days** of the

date of this Order, specifying that the defendants are sued in their individual capacity or in both their individual and official capacities. The court will hold the motion for additional summonses in abeyance until that time. If the plaintiff does not file a supplement to his complaint within **30 days** of this Order, the court will dismiss the plaintiff's motion for additional summonses.

**Motion for Appointment of Counsel**

The plaintiff filed a Motion for Appointment of Counsel on March 23, 2007 (Filing No. 7), and the court entered an Order denying this Motion on April 9, 2007. (Filing No. 8). Since the issuance of this Order, the facts and circumstances surrounding the plaintiff's case have not changed, accordingly, the current motion is also denied.

IT IS ORDERED:

1. That the plaintiff's Motion for Additional Summonses (Filing No. 10) is held in abeyance until **June 13, 2007**;

2. The plaintiff's Motion for Appointment of Counsel (Filing No. 11) is denied;

3. The Clerk of Court is directed to send a copy of this Memorandum and Order to the plaintiff at his last known address.

DATED this 15th day of May, 2007.

BY THE COURT:

s/ F.A. Gossett
United States Magistrate Judge