IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DANNY T. LAWVER, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV100 |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF CORRECTIONS, STATE OF NEBRASKA, et. al. | ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) | |

The plaintiff, an inmate at the Community Correctional Center of the Nebraska Department of Correctional Services ("NDCS"), has filed a complaint alleging his due process rights were violated by the defendant's refusal to comply with NDCS programming. Filing No. 1. The following motions are currently pending:

Plaintiff's motions for appointment of counsel, (filing nos. 23, 31, & 35);

Plaintiff's motion for clarification, (filing no. 24);

Plaintiff's motion to compel, (filing no. 33);

Plaintiff's motion for reconsideration, (filing no. 36); and

The motion to dismiss filed by defendants Robert Houston, in his individual capacity only, and the NDCS, (filing no. 26).

For the reasons explained hereafter, the plaintiff's motion for clarification is granted. However, the plaintiff's motions for appointment of counsel, motion to compel, and motion for reconsideration are denied. The motion to dismiss for

failure to state a claim filed by defendant Robert Houston is granted, but NDCS' motion to dismiss for insufficiency of service of process is denied.

## The Relevant Filings

The plaintiff claims his due process rights were and continue to be violated because he is not receiving furloughs and shopping passes while incarcerated. The plaintiff's initial complaint named Ryan Mahr, Superintendent of the Community Corrections Center, and Robert Houston, Director of the NDCS, as defendants. (Filing No. 1 ¶ II). The factual basis of plaintiff's claim is explained in the grievance documentation attached to his complaint.

The plaintiff's complaint alleges NDCS has and continues to violate Neb. Rev. Stat. § 83-1,107 by disciplining the plaintiff solely because he has failed to comply with a department-approved program specifically designed for his rehabilitation. The plaintiff claims that to the extent possible, he has complied with his programming plan and is therefore entitled to furloughs and passes earned under that plan, yet the defendants have refused to afford him these opportunities. The plaintiff claims that by refusing to give him the furloughs and shopping passes he has earned, the defendants are imposing discipline in violation of his due process rights.

In its responses to the plaintiff's grievances and grievance appeals, the prison states the plaintiff's pass and furlough privileges were not taken away. Instead, they were never earned because the plaintiff failed to participate in the mental health counseling and GED tutoring recommended in the plaintiff's Community Incentive Program. See filing no. 1, p. 13. At the final step of plaintiff's grievance process, the NDCS Central Appeal Office held:

> You contend that you are being disciplined because you are not approved for furloughs. You have no right to a furlough. This is something you need to earn through the incentive program.

Filing No. 1, p. 12.

The plaintiff's complaint was filed in this court on March 15, 2007. He seeks injunctive relief and compensatory damages. See filing no. 1, p. 4.

On May 9, 2007, the court entered an order on initial review. The court's order explained that a complaint naming state correctional facility employees as defendants, without stating whether they are sued in their individual capacity, official capacity, or both, is a claim against the employees in only their official capacity. Filing No. 9, p. 1. The order on initial review further explained that a lawsuit against a Nebraska state employee in his or her official capacity is a lawsuit against the State of Nebraska.

The plaintiff was given one summons and Form 285 to complete and return to the clerk of the court for service. The plaintiff's completed summons and Form 285 identified the defendant as the "Department of Corrections State of Nebraska," to be served on "Robert Houston, Director of the Nebraska Department of Corrections," located at "Folsom and W. Prospector., Building #1 Lincoln, Nebraska 68509." Filing No. 16, pp. 1, 3. In accordance with the plaintiff's Form 285, the United States Marshal personally delivered a copy of the summons and plaintiff's complaint to the office of Robert Houston. The Director's Assistant signed the receipt of service. Filing No. 16, p. 3.

The court's order on initial review granted the plaintiff leave to file an amended complaint. Filing No. 9, pp. 2-3. Accordingly, the plaintiff supplemented his complaint and named Ryan Mahr and Robert Houston, in their individual and official capacities, as defendants. See Filing Nos. 10 & 22. On July 16, 2007, the plaintiff was provided two additional summons and Form 285s. The plaintiff has not completed and returned these forms for service on Ryan Mahr and Robert Houston.

## The Pending Motions

1. <u>Motion for Clarification</u>.

The plaintiff's motion for clarification, (filing no. 24), asks the court to explain General Order 2007-09, which is filing no. 17 in this plaintiff's case. General Order 2007-09 was distributed and filed in all pro se cases pending on July 3, 2007. This General Order advises the parties that the court's internal method of performing work on pro se cases has changed, and that Magistrate Judge Piester is now the magistrate judge assigned to all cases in which the plaintiff in not represented by counsel. General Order 2007-09 did not assign the plaintiff's case to a different judge for final decision.

2. <u>Motions for Appointment of Counsel</u>.

The plaintiff's motions for appointment of counsel, (filing nos. 23, 31, & 35), a portion of his motion for clarification, (filing no. 24), and his motion for reconsideration, (filing no. 36), all request that the court appoint an attorney to represent the plaintiff. As the court's prior order stated:

> The court cannot routinely appoint counsel in civil cases. In <u>Davis v. Scott</u>, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained:
>
>> 'Indigent civil litigants do not have a constitutional or statutory right to appointed counsel.' . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim.
>
> (Citations omitted.) The plaintiff has capably presented the factual basis for the claims in this proceeding. I find that appointment of counsel is not necessary to enable the plaintiff to pursue those claims. Therefore, the motion for appointed counsel, is denied.

Filing No. 8.

The court has already denied three prior motions to appoint counsel for the plaintiff. See filing nos. 8, 12, & 22. The facts and circumstances surrounding the plaintiff's case have not changed since these orders were filed. Therefore, the plaintiff's pending requests for appointment of counsel are likewise denied.

    3.    <u>Motion to Compel</u>.

The plaintiff's motion to compel, (filing no. 33), asks the court for an order requiring the defendants to provide responses to plaintiff's discovery. As set forth in the plaintiff's brief in support of his motion for reconsideration, (filing no. 37), the plaintiff served requests for production on August 2, 2007, and the defendant responded as follows:

> REQUEST NO.1: The monthly reports of all inmate's [sic] in the Community Correctional Center Omaha, and Lincoln.
>
> RESPONSE NO.1: Defendant objects on the basis that this request is vague. The Defendant is unable to determine which documents the Plaintiff is referring to. The Plaintiff also fails to indicate a time period for these documents.
>
> REQUEST NO.2: Any and all rules, reulations [sic], and policies of the Nebraska Department of Corrections about treatment and programing [sic].
>
> RESPONSE NO.2: Defendant objects on the basis that this request is too broad. The Defendant is unable to determine which rules, regulations, and policies the Plaintiff is seeking. Also, the rules, regulations, and policies of the Nebraska Department of Corrections may change over time, and the Plaintiff has not offered a time frame which would indicate which specific rules, regulations and policies he is requesting.

Filing No. 37, p. 6.

The defendants' discovery objections were appropriately raised and must be sustained.  The plaintiff's first document production request is unduly vague, and in the absence of any date limitation, is overly burdensome.  The court further notes that the plaintiff is not entitled to receive all the "monthly reports" concerning other inmates.  As to the plaintiff's second document production request, NDCS has many documented policies, rules, and regulations, both current and historical.  The plaintiff's request for all rules, regulations, and policies "about treatment and programing" is vague.  In addition, since the request is not limited to any relevant time frame, it is overly broad.   The plaintiff's motion to compel, (filing no. 33), must be denied.

    4.    <u>Motion to Dismiss</u>.

Defendants Robert Houston, in his individual capacity only, and the Nebraska Department of Corrections, have filed a motion to dismiss.  See filing no. 26.  Defendant NDCS moves to dismiss for insufficiency of service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.  NDCS argues that since the plaintiff served only Robert Houston, and did not serve the Nebraska Attorney General, defendant NDCS has not been served in compliance with Neb. Rev. Stat.§ 25-510.02(1).   Defendant Robert Houston, in his individual capacity, moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the plaintiff's complaint fails to allege that he committed any of the acts underlying the plaintiff's claims.

    a.    <u>Defendant NDCS</u>.

Rule 4(j)(2) of the Federal Rules of Civil Procedure states:

> Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

Fed. R. Civ. P. 4(j)(2).

Delivering the summons and complaint to Robert Houston was not a proper method of serving NDCS under Nebraska law. McCaslin v. Cornhusker State Industries, 952 F. Supp. 652, 658 (D.Neb. 1996)(Urbom, J.). However, under federal law, a governmental organization is served when a copy of the summons and complaint are delivered to its chief executive officer. As applied to defendant NDCS, the chief executive officer is Robert Houston, the Director. Accordingly, NDCS was properly served when the United States Marshal personally delivered a copy of the summons and plaintiff's complaint to Robert Houston at his office address. NDCS' motion to dismiss for insufficiency of service of process must be denied.

  b. Robert Houston, in His Individual Capacity.

Defendant Robert Houston, in his individual capacity, argues that plaintiff's complaint includes no allegations of alleged misconduct by Houston. He therefore moves to dismiss the plaintiff's claims against him for failure to state a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6).

Upon review of the plaintiff's complaint, Robert Houston is named as a defendant, but the complaint does not allege the plaintiff was denied furloughs or shopping passes due to any actions or inactions by Houston. "It is well settled that § 1983 does not impose respondeat superior liability." Hughes v. Stottlemyre, 454 F.3d 791, 798 (8th Cir. 2006). To state a § 1983 claim, the plaintiff must allege that the defendant was personally involved in or had direct responsibility for incidents that resulted in injury. Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985). There is no claim that Robert Houston, in his individual capacity, denied the plaintiff's alleged right to furloughs and shopping passes earned by complying with the Community Incentive Program. The plaintiff's claim against defendant Houston, in his individual capacity, must be dismissed.

IT IS ORDERED that:

1. Plaintiff's motions for appointment of counsel, (filing nos. 23, 31, & 35), are denied.

2. To the extent the plaintiff's motion for clarification, (filing no. 24), seeks appointment of counsel, the motion is denied. However, to the extent the plaintiff is requesting clarification of General Order 2007-09, which is filing no. 17 in this plaintiff's case, the motion is granted and General Order 2007-09 is further explained in the body of this memorandum and order.

3. Plaintiff's motion to compel, (filing no. 33), is denied.

4. Plaintiff's motion for reconsideration of its prior order denying appointment of counsel, (filing no. 36), is denied.

5. The motion to dismiss filed by defendants Robert Houston, in his individual capacity only, and the Nebraska Department of Correctional Services, (filing no. 26), is granted in part and denied in part as follows:

    a. The motion to dismiss for insufficiency of service of process filed by defendant Nebraska Department of Correctional Services is denied.

    b. The motion to dismiss for failure to state a claim filed by defendant Robert Houston in his individual capacity is granted.

6. Defendant Nebraska Department of Correctional Services is given until November 26, 2007, to answer or otherwise respond to the plaintiff's complaint.

7.  The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: November 26, 2007–NDCS answer/response deadline.

Dated November 7, 2007.

                BY THE COURT

                s/ Warren K. Urbom
                United States Senior District Judge