IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DANNY T. LAWVER, | ) | 8:07CV100 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DEPARTMENT OF | ) | |
| CORRECTIONS, STATE OF | ) | |
| NEBRASKA, RYAN MAHR, and | ) | |
| ROBERT HOUSTON, Director of | ) | |
| the Department of Corrections in | ) | |
| their individual and official | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | | |

This matter is before the court on Defendants' Motion to Dismiss. (Filing No. 39.) In support of their Motion, Defendants filed a Brief in Support. (Filing No. 40.) Plaintiff filed two Responses, opposing Defendants' Motion. (Filing Nos. 41 and 42.)

## I.   BACKGROUND

Plaintiff filed his Complaint in this matter on March 15, 2007. (Filing No. 1.) In his Complaint, Plaintiff alleges that Defendants violated his due process rights by denying him furloughs and shopping passes while incarcerated. (*Id.* at CM/ECF pp. 3-4.) Plaintiff was allegedly denied these privileges for failure to comply with his programming plan. (*Id.*) Plaintiff's Complaint seeks both injunctive relief and damages. (*Id.* at CM/ECF p. 4.)

Plaintiff sued Defendants Houston and Mahr in both their individual and official capacities. However, the claims against Defendant Houston in his individual capacity were dismissed by this court on November 7, 2007. (Filing No. 38.) Since the filing of Defendants' Motion to Dismiss, Plaintiff completed

his sentence and is no longer in the custody of the Nebraska Department of Corrections. (Filing No. 43.)

## II. ANALYSIS

### A. Claims Against Defendants in Their Official Capacities

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-447 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 77-378 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

In addition, a claim against an officer, in his official capacity, is in reality a claim against the entity which employs the official. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. . . .A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity . . . . Therefore, the appellants in this case will collectively be referred to as the City.") *Accord Eagle v. Morgan*, 88 F.3d 620, 629 n. 5 (8th Cir. 1996) (quoting *Kentucky v. Graham*, 105 S.Ct. 3099, 3105 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.")). As such, damages claims against individual state employees acting in their official

capacities are also barred by the Eleventh Amendment. *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997).

Here, Plaintiff has sued the Nebraska Department of Correctional Services ("NDCS"), and the individual Defendants in their official capacities. However, Plaintiff cannot obtain a judgment for money damages against the NDCS or the individual Defendants in their official capacity because they are shielded by Eleventh Amendment immunity and have not waived that immunity. While Plaintiff's claims for injunctive relief would normally be allowed to proceed, Plaintiff in no longer in the custody of Defendants. Any claims for injunctive relief are therefore moot. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again.") Plaintiff's claims against the NDCS and Defendants Houston and Mahr in their official capacities are therefore dismissed.

    B.    Claims Against Defendant Mahr in His Individual Capacity

        **1.**    **Due Process Claim**

"Due process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." *Nash v. Black*, 781 F.2 665, 668 (8th Cir. 1986). In order to proceed on a due process claim, a prisoner must first identify a "liberty interest, created by state law, regulation, or practice" which confers that entitlement. *Id.* Thus, a liberty interest exists where a state law "contains substantive predicates to the exercise of discretion and specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow." *Carney v. Houston*, 33 F.3d 893, 895 (8th Cir. 1994). However, in the case of furloughs, where "Department of Corrections officials have complete discretion" regarding whether a furlough should be allowed, there is no protected liberty interest. *Nash*, 781 F.2d at 668.

Here, Plaintiff alleges that the NDCS has withheld "incintives (*sic*) and privileges" from him due his failure to complete certain programming requirements. (Filing No. 1 at CM/ECF p. 3.) Plaintiff claims that the withholding of those privileges, namely furloughs and shopping passes, was done without a disciplinary hearing and therefore violates his due process rights. (*Id.* at CM/ECF pp. 3-4.) Defendants argue that furloughs are privileges, to be awarded by Defendants, and not rights. (Filing No. 40 at CM/ECF p. 5.) The court agrees with Defendants. As set forth in Nebraska state law, "the Director of Correctional Services *may* authorize" furloughs. Neb. Rev. Stat. § 83-184 (emphasis added). Furloughs are clearly granted only at the discretion of the NDCS Director. As in *Nash*, Plaintiff has not alleged, nor has the court found, any "statute, regulation, or policy pronouncement which states that the Department of Corrections must grant" his furlough request. *Nash*, 781 F.2d at 668. Because Defendants have "complete discretion" in determining whether to grant furlough and work release privileges to Plaintiff, he does not have a protected liberty interest. Plaintiff's due process claim is therefore dismissed.

### 2. Equal Protection Claim

To prevail on an equal protection claim, a prisoner-plaintiff must allege that (1) he was treated differently than a similarly situated class of inmates *and* (2) that the different treatment (a) burdened one of his fundamental rights or (b) that the adverse treatment targeted a protected class of individuals of which he or she is a member or (c) that the different treatment bears no rational relationship to any legitimate penal interest. *See, e.g., Weiler v. Burkett*, 137 F.3d 1047, 1051-1052 (8th Cir. 1998) (en banc) (reversing denial of summary judgment on qualified immunity grounds ). In this case, it is clear that a "furlough" is not a fundamental right. It is also clear that the alleged discrimination was not targeted against a protected group of which the plaintiff is a member.

Assuming, then, for the sake of argument that the class of inmates who seek furloughs are similar, the plaintiff must also allege that the difference in treatment was not rationally related to a legitimate correctional goal. Where a prison

program is discretionary, the Eighth Circuit Court of Appeals has held that a few instances of allegedly unequal treatment are not enough to make out an equal protection violation. *Id.* (holding that the claim that some inmates were allowed to receive nonconforming packages, but the plaintiff was not permitted to do so on a few instances, failed to allege a violation of the inmate's constitutional right to equal protection where no fundamental right was involved, no protected group was targeted and there was no fixed classification system by which the correctional officials determined who would receive nonconforming packages; stating "a few individual examples of unequal treatment are 'insufficient . . . .'") (citation omitted). Like the inmate in *Weiler*, the fact that Plaintiff was denied discretionary furloughs but others inmates received discretionary furloughs does not state an equal protection violation. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Further, since the Plaintiff has now been discharged from NDCS custody, any amendment would be futile.

IT IS THEREFORE ORDERED that:

1. Defendants' Motion to Dismiss (filing no. 39) is granted. Plaintiff's Complaint is dismissed with prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated April 23, 2008.

                    BY THE COURT

                    s/ Warren K. Urbom
                    United States Senior District Judge